**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

LUIS FIGUEROA TORO
    Petitioner

      v.

UNITED STATES OF AMERICA,
    Respondent

Civil No. 04-1810 (SEC)
[Related to Criminal No. 00-845 (SEC)]

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Luis Figueroa-Toro (hereafter "Figueroa"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 13, 2004 (**Docket No. 1**).  The government responded to the motion and Figueroa filed a reply (**Docket Nos. 6, 8**).

The matter was referred to the undersigned for Report and Recommendation (**Docket No. 7**). For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the motion be **DENIED**.

I.    **Procedural and Factual Background**

On September 5, 2001, Figueroa was charged along with 14 other individuals in a six count criminal indictment (**Criminal No. 00-845(SEC)**, **Docket No. 71**).    A third superseding indictment was later filed and Figueroa was charged in Count One of same with conspiracy to distribute multi-kilogram quantities of controlled substances (heroin, in excess of one kilogram; cocaine in excess of five kilograms; cocaine base, in excess of 50 grams; and, marihuana, in excess of 50 pounds) in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *Id*. at **Docket No. 211**

The matter proceeded to trial, but after the second day of trial, Figueroa decided to

Civil Case No. 04-1810(SEC)                                                                 Page 2

plea guilty as to the charges brought against him[1]

The Change of Plea hearing was held on May 9, 2002.  *Id.* at **Docket No. 541.**

During the Change of Plea hearing the Court advised Figueroa of the penalties he

faced.  The colloquy during the Change of Plea Hearing was as follows:

| | |
|---|---|
| THE COURT: | Let me inform you of the maximum punishment that the law provides for the offenses to which you wish to plead guilty.  Count One to which the three[2] of you wish to plead guilty has a statutory penalty of imprisonment for a minimum term of ten years and a maximum of life.  Fines of up to 4 million dollars and a term of supervised release of five years in addition to any term of incarceration. . . .  Do you understand the serious possible consequences of your plea of guilty. . . . |
| DEFENDANT FIGUEROA: | Yes, sir. . . . |
| THE COURT: | Do you understand that sentencing within the applicable guidelines set by law is solely a matter for the court to decide? . . . |
| DEFENDANT FIGUEROA: | Yes, sir. . . . |
| THE COURT: | Have you and your attorney talked about how the sentencing guidelines might apply to your case? . . . |
| DEFENDANT FIGUEROA: | Yes, sir. . . . |
| THE COURT: | Do you understand that the court will not be able to determine the guideline sentence for your case until after a presentence report has been completed, and that the sentence imposed may be different from any estimate your attorney may have given you? . . . |
| DEFENDANT FIGUEROA: | Yes, sir. . . . |
| THE COURT: | Do you also understand that even after your guideline range has been determined the court has the authority in some circumstances to depart form the guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines? . . . |
| DEFENDANT FIGUEROA: | Yes, sir. . . . |
| THE COURT: | Do you understand that I can reject sentencing recommendations and impose a sentence that is more severe than you may anticipate without permitting you to withdraw your plea of guilty? . . . |
| DEFENDANT FIGUEROA: | Yes, sir. . . . |

---

[1]The record reflects that defendant Figueroa had previously entered a guilty  plea, pursuant to plea negotiations and agreement.  Thereafter, Figueroa sought to withdraw the guilty plea.  Once the petition was granted by the Court and the plea withdrawn, Figueroa proceeded to trial.  Criminal No. 00-845(SEC).

[2]Figueroa, along with two of his co-defendants, plead guilty at the Change of Plea hearing held on May 9, 2002.

**Criminal No. 00-845(SEC), Docket No. 541**, pp. 11-14.

The government was then asked to set forth the evidence it would have established had

the matter proceeded to trial.  The government proffered the following summary:

AUSA SULZBACH:          The government would have established regarding defendants .
                        . . Mr. Jordan and Mr.  Figueroa, that both of these men were
                        runners for the organization, that their primary role within the
                        organization was to bring narcotics to the drug points, collected
                        the proceeds from the illegal sale of the narcotics, and both of
                        these gentlemen also distributed narcotics themselves at the drug
                        point

**Criminal No. 00-845(SEC), Docket No.541**, pp. 16.

An exchange then took place regarding agreements made by the government.

AUSA SULZBACH:          . . . I would like to note for the record although this is a straight
                        plea, we have no written plea agreement with regard to any of
                        these defendants, the government has made one concession
                        which I would like to put on the record and that is that [for] all
                        three of these . . .  we have agreed to a base offense level of 36, .
                        . . and at the time of sentencing the government is going to
                        recommend a sentence at the lower end of the guidelines for
                        defendant Figueroa . . . .We also will seek no enhancement for all
                        three defendants. . . .
MR. HASSE[3]:           . . .we ask for the ability to argue role, acceptance and any departures
                        under 5C1.2

**Criminal No. 00-845(SEC), Docket No.541**, pp. 17-18.

After the discussion was held regarding sentencing the Court asked Figueroa if he was

in agreement with his participation in the charge brought against him as described by the

version of facts provided by the government.  Figueroa responded in the affirmative and

stated, "Yes, sir".  *Id.* at p. 20.

Sentencing was held on November 14, 2002.  *Id*. at **Docket No. 486**. At sentencing,

counsel for Figueroa indicated to the Court that the presentence report failed to concentrate

on Figueroa's specific conduct and made argument regarding perceived errors in the

presentence report. At the sentencing hearing defense counsel sought amendments to the

_____

[3]Counsel Michael R. Hasse represented Figueroa during the Change of Plea hearing held on May 9, 2002.

Presentence Investigation Report and clarified the fact there was no written plea agreement, that defendant had entered a "straight plea" (*Id.* at **Docket No. 540** p. 7).   Counsel supplemented the information concerning defendant's personal history, requested an adjustment for defendant's minor participation, requested an adjustment for defendant's minor participation, request which was denied by the Court and clarified that defendant's had rejected the possibility of a "safety valve" adjustment.  (*Id* at pp. 2, 6, 8.)

Counsel for Figueroa specifically urged the Court to consider Figueroa's role within the conspiracy as minimal arguing that none of the discovery materials indicated that Figueroa had knowledge of the whole scope of the conspiracy and that Figueroa had been expelled from the drug point.  *Id.* at p. 13.  He also argued that the Presentence Report did not give specific findings as to the particular conduct attributable to each defendant but rather described the conspiracy as a whole.  *Id.*  The government opposed to Figueroa's request and after considering the arguments of both parties, the Court agreed with the government[4], denied any adjustments given defendant's role in the offense.  While so doing, the Court indicated that were there to be an adjustment, "it would be to enhance."  *Id.* at p. 14.  The Court further stated, "He has no role in the offense, he has not been given any adjustments for the offense and there is nothing in the record that would warrant a minimal participation or minor role.  If we were to consider this, we would give him an enhanced role."  *Id.* at pp. 15-16.

Counsel for Figueroa ounce again renewed his argument and request for a minor role adjustment by arguing that defendant's involvement in the conspiracy was not typical conduct.  *Id.* at p. 18.  Counsel asked the Court to give Figueroa some consideration in that Figueroa

---

[4]The government argued that Figueroa was a "runner" and that as such he "provided drugs, to the drug point, collected their proceeds and supervised those others working at the drug point.  (*Id*, **Docket 540**, pp. 14)

presented an atypical case in both the time of the conspiracy and his involvement in the conspiracy. *Id.* The Court was asked to grant Figueroa a downward departure based on his individual conduct. *Id.* at p. 19. The Court heard argument from the government with respect to the issue, and it noted that during the change of plea Figueroa had accepted as accurate his role as a runner. *Id.* at p. -20. The Court found no grounds to entertain any departure in the case and denied the request for an adjustment provided defendant's minor/minimal participation within the conspiracy charged.

Two other factors were strongly argued by defense counsel. The first was a request for a three point credit (rather than two) for acceptance of responsibility. This request was denied by the sentencing court. The second issue raised was a challenge to two points awarded in determining the criminal history category. The Court favorably consider counsel's arguments and reduced the criminal history category from II to I. (Id. **Docket No. 540**; pp. 11-13 and 18.)

The Court determined the total offense level at 34, with a criminal history category of I, and concluded it called for a range of imprisonment from 151 to 188 months. The government recommended a sentence at the lower end of the sentencing guideline range. Accordingly, Figueroa was sentenced to 151 months imprisonment and ordered to serve four years of supervised release. A special monetary assessment in the amount of $100.00 was also imposed. Judgment was entered on November 14, 2002. *Id.* at **Docket No. 487**.

Figueroa appealed his sentence and conviction asserting that the Court had erred in denying him a downward departure to reflect his role in the offense. On July 30, 2003, after addressing the issue, the Appellate Court affirmed Figueroa's conviction and sentence. *United States v. Figueroa-Toro*, No. 02-2637 (1st Cir. July 30, 2003). Judgment was entered the same date and the Appellate Court issued its mandate on August 20, 2003 (**Criminal No. 00-845(SEC)**, **Docket No. 603**). Figueroa did not seek review by the United States Supreme Court. He now brings this § 2255 petition (**Docket No. 1**).

Figueroa  raises the following grounds for relief:

1.      Appellate counsel was ineffective on appeal for failing to argue the case under "Amendment 635" of the United States Sentencing Guidelines.

2.      Figueroa's sentence violates his Sixth Amendment Right to jury a trial and his sentence constitutes clear error.

## II.      Conclusions of Law

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief.  The prisoner may assert that: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2)  the court was without jurisdiction to impose such sentence; 3)  the sentence was in excess of the maximum authorized by law; and, 4) that the sentence is otherwise subject to collateral attack.  A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. §2255.  However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).

Additionally, if a motion fails to raise an issue cognizable under § 2255 or if the movant fails to make an adequate representation concerning cause and prejudice, a court may, in its discretion, deny the motion without conducting an evidentiary hearing. R. Governing Sec. 2255 Proceedings 4(b); *see also Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992). **Finally, even a facially adequate petition may be denied without a hearing where the alleged facts are conclusively refuted by the files and records of the case.** *Barrett,* 965 F.2d at 1186*; Lema v. United States*, 987 F.2d 48, 51-52 (1st Cir. 1993).

### A.      Assistance of Counsel

Figueroa argues that his appellate counsel should have argued on appeal that he was entitled to a downward departure based upon Amendment 635 to the United States

Sentencing Guidelines[5].  He argues that the Court did not have the benefit of Amendment 635 at his sentencing hearing, which took place on November 14, 2002, but that said amendment was in effect by the time his case was before the appellate court on direct appeal.  The gist of his argument arises on his assumption that the evidence available reflected that he was only a minor participant in the conspiracy and that had Amendment 635 been argued on appeal Figueroa would have been granted a two level reduction in his offense level.  Figueroa contends that this adjustment would have resulted in a total offense level of 28 which calls for a range of sentence from 78 to 97 months imprisonment.

The government contends that Figueroa previously raised this issue on direct appeal, albeit not in the form of an ineffective assistance of counsel claim.  Accordingly, the government argues that Figueroa is not entitled to relitigate this issue inasmuch as it was already decided by the appellate court.

To succeed on an ineffective assistance of counsel claim, Figueroa "has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996). In applying this test, first announced in *Strickland v. Washington*, 466 U.S. 668 (1984), "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Hence there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Therefore, Figueroa must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 289

---

[5]Amendment 635 characterized those with minor and minimal roles in the commission of an offense.

(2000). The burden placed on appellate counsel is significant, and courts are reluctant to second-guess tactical decisions. Nonetheless, appellate counsel are expected to cull from the many non-frivolous arguments the best and advocate only those. *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983). To show that appellate counsel was ineffective Figueroa must demonstrate that the ignored issues were clearly stronger than those advanced. *Smith v. Robbins,* 528 U.S. at 288. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome". *See Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986). In addition to deficient performance by appellate counsel, Figueroa must also establish prejudice as a result of counsel's actions or inactions. *Smith v. Robbins*, 528 U.S. at 288.

The undersigned is not persuaded by Figueroa's arguments. It is well established that issues decided on direct appeal generally may not be relitigated under a different label on collateral review. *United States v. Michaud,* 901 F.2d 5, 6 (1st Cir. 1990)*; Tracey v. United States,* 739 F.2d 679, 682 (1st Cir. 1984). This is precisely the tact taken by Figueroa in raising the sentencing issue as an ineffective assistance of counsel claim. Indeed, the issue of Figueroa's role in the conspiracy and his sentence was addressed by the appellate court as follows:

> Appellant's role in the conspiracy was established on the record; at his change of plea hearing, he admitted delivering drugs, collecting proceeds, and selling drugs as "runner" in the organization. (citations omitted) The admitted facts that support the conclusion of the sentencing judge that [Figueroa] was no less culpable than the average runner in this conspiracy or the average runner in drug conspiracies in general.

*United States v. Figueroa-Toro*, No. 02-2637 (1st Cir. July 30, 2003).

Additionally, Figueroa incorrectly argues that Amendment 635 was not in effect at the

time he was sentenced, while on effect at the time the appeal was undertaken.  Amendment 635 became effective on November 1, 2001, and Figueroa was not sentenced until a year later, on November 14, 2002.  *See* U.S.S.G. Supplement to Appendix C, Nov. 1, 2002; Criminal No. 00-845(SEC), **Docket No. 540**.  Figueroa has presented nothing to indicate that the criterias highlighted within Amendment 635 were not considered at the time he was sentenced.  More so, his expectation that appellate counsel raise the issue is unrealistic.  Also, defendant's argument that the evidence on record only supported the theory of a minor or minimal participation is not supported by the record or his admissions at the change of plea hearing.

After reviewing the record, the Court finds that Figueroa fails to satisfy either prong of the Strickland test. He has not shown that his appellate counsel's performance fell below any objective standard. Indeed, appellate counsel plainly acted reasonably in seeking a downward departure on Figueroa's behalf.  Moreover, even if it were determined that appellate counsel acted unreasonably in raising only certain issues on appeal; there is no reasonable probability that Figueroa's proceeding would have had a different result by addressing any of Figueroa's arguments.  More so, in light of the appellate court's analysis and review of the facts and the trial court's statement at sentencing it is clear that the sentencing court considered all evidence available prior to determining not to grant an adjustment for defendant's minor participation.  Rather defendant was fortunate no to receive an upward adjustment given the evidence on record, his admissions before the Court and the court's statements that "there is nothing in the record that would warrant a minimal participation or minor role.  If we were to consider this, we would give him an enhanced role."

THEREFORE, IT IS  RECOMMENDED that the Motion for relief under 28 U.S.C. § 2255 on the basis of ineffective assistance of trial and appellate counsel be **DENIED**.

### B.     Apprendi/Blakely Issue

Figueroa next argues that his sentence violates his Sixth Amendment right to a jury trial and that the sentence imposed constitutes clear error.  He relies upon *Blakely v. Washington,* 542 U.S.–,  124 S.Ct. 2531 (2004) to support his position that his sentence was unconstitutionally imposed[6].  Figueroa contends that because *Blakely* is based upon the standards set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),   retroactive application of *Blakely* is not required.

*Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Additionally, *Apprendi* "applies only when the disputed 'fact' enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum" *United States v. Caba*, 241 F.3d 98, 101 (1ˢᵗ Cir. 2001).  Figueroa's position is not supported by the case law.  *Blakely v. Washington,* 542

---

[6]Figueroa does not address the U.S. Supreme Court's recently ruling in *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005), inasmuch as it was decided after the filing of his brief. *Booker* holds that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of  guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," *id.* at 756, insofar as the sentence is imposed under a mandatory guideline regime, *see id.* at 756-57, 767-68. *Booker* has preserved the use of judge-made findings by directing that the guidelines hereafter be treated as advisory rather than mandatory guidelines. *See United States v. Antonakopoulos,* 399 F.3d 68, 75 (1st Cir.2005).

Like *Blakely*,  Booker is not retroactive. *See, McReynolds v. United States,*.397 F.3d 479, 480 (2d Cir.2005) (holding that *Booker* does not apply retroactively to collateral proceedings under §§ 2255); *Guzman v. United States,* – F.3d – , 2005 WL 803214 (2d Cir. 2005); *Varela v. United States,* 400 F.3d 864 (11th Cir. 2005); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005);

U.S.– , 124 S.Ct. 2531 (2004) holds that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*") (citations omitted, emphasis in original). *Blakely*, however, was decided subsequent to the conclusion of Figueroa's direct appeal. Virtually every United States Appellate Court to address the issue, have found that the holding in *Blakely* is not retroactive and applicable on collateral review.  This is because the new rule articulated in *Blakely* is procedural rather than substantive in nature. Hence, the holding does not qualify as a "watershed rule" implicating "the fundamental fairness and accuracy of the criminal proceedings." *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257 (1990); *see also McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005); *Schriro v. Summerlin,* – U.S.– , 124 S.Ct. 2519, 2523-26 (2004); *Sepulveda v. United States,* 330 F.3d 55, 63 (1st Cir. 2003). Similarly,   numerous courts have failed to find a retroactive application in *Blakely*. *See Carmona v. United States,* 390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review); *Simpson v. United States,* 376 F.3d 679, 681-682 (7th Cir. 2004) (same); *In re: Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004) (*Blakely* rule does not apply retroactively on collateral review and cannot authorize a successive habeas petition). *See also Schriro v. Summerlin,* – U.S. –, 124 S.Ct. 2519 (2004) (declaring that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428 (2002), does not apply retroactively on habeas review); *cf. Sepulveda v. United States,* 330 F.3d 55, 66-67 (1st Cir. 2003) (*Apprendi* does not apply retroactively to cases on habeas review).

        Finally, Figueroa plead guilty to the charges brought against him, and those charges included  and clearly specified amounts of drugs: Count One alluded to "in excess of one

kilogram of heroin; in excess of five kilograms of cocaine; in excess of 50 grams of cocaine ; and, in excess of 50 pounds of marihuana." The fact that Figueroa admitted to drug quantities is enough to remove this case from *Blakely's* potential reach. *See, e.g.,*, *See United States v. Stearns,* 387 F.3d 104, 107 (1st Cir. 2004) ("*Blakely* does not apply to 'facts admitted by the defendant[,]' ") (citations omitted); *United States v. Quintana-Pérez*, 117 Fed.Appx. 773, 2004 WL 2965976 (1st Cir. 2004).

Based upon the foregoing, Figueroa is not entitled to collateral  relief under the holding of *Blakely*.

## III.    Conclusion

**IT IS THEREFORE RECOMMENDED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Docket No. 1**) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72(a) and Local Criminal Rule 157.1.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Local Rule Civ. Rule 72(d); Fed. R. Civ. P. 72(b).   Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co*., 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo*

Civil Case No. 04-1810(SEC)                                                                          Page 13

hearing and does not permit consideration of issues not raised before the Magistrate-Judge.

*Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

> **SO RECOMMENDED.**

At San Juan, Puerto Rico, this 20th day of May, 2005.


                                        **AIDA M. DELGADO-COLON**
                                        **U.S. Magistrate-Judge**